# EXHIBIT

# B

| | |
|---|---|
| Glenn Boinske<br>PO Box 848<br>Tobyhanna, PA 18466,<br>                Plaintiff | In the Monroe County Court of<br>Common Pleas<br><br>Docket No. |
| v. | Civil Action |
| Bank of America, N.A.<br>Bank of America Corporate Center<br>100 North Tryon Street<br>Charlotte, NC 28255,<br>                Defendant. | Jury Trial Demanded |

## PRAECIPE FOR SUMMONS

To the Prothonotary:

Kindly issue a Summon in the Civil Action in the above-captioned case.

Date: October 15, 2025

Brett M. Freeman
Bar Number PA 308834
FREEMAN LAW
Attorney for Plaintiff
606 Hamlin Highway, Suite 2
Lake Ariel, PA 18436
(570) 589-0010

## SUMMONS IN A CIVIL ACTION

TO: Bank of America, N.A.

You are notified that the Plaintiff has commenced an action against you.

**SEAL OF
THE
COURT**

Date:_____        By: _____

COURT OF COMMON PLEAS OF MONROE COUNTY
43RD JUDICIAL DISTRICT
COMMONWEALTH OF PENNSYLVANIA

Glenn Boinske
P.O. Box 848
Tobyhanna, PA 18466,

     Plaintiffs

VS.                                                              006641- CV-2025

Bank of America, N.A.
Bank of America Corporate Center
100 North Tyron Street
Charlotte, NC 28255,

     Defendant

WRIT OF SUMMONS

TO: Bank of America, N.A.,

     You are hereby notified that Glenn Boinske has commenced an action against you.

October 15, 2025

By:  George J. Warden, Prothonotary

Deputy

Freeman Law
Brett M. Freeman, Esquire
606 Hamlin Highway, Suite 2
Lake Ariel, PA 18436
(570) 589-0010
Attorney ID: 308834
Attorney for Plaintiff

# Supreme Court of Pennsylvania

## Court of Common Pleas
## Civil Cover Sheet

MONROE
_____ County

Monroe County Prothonotary Filed May 12 2026 12:20 PM

| For Prothonotary Use Only: |
| --- |
| Docket No: |

TIME STAMP

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

**Commencement of Action:**
- ☒ Complaint
- ☐ Writ of Summons
- ☐ Petition
- ☐ Transfer from Another Jurisdiction
- ☐ Declaration of Taking

Lead Plaintiff's Name:
Glenn Boinske

Lead Defendant's Name:
Bank of America, N.A.

**Are money damages requested?** ☒ Yes ☐ No

Dollar Amount Requested: ☒ within arbitration limits
(check one) ☐ outside arbitration limits

**Is this a *Class Action Suit*?** ☐ Yes ☒ No

**Is this an *MDJ Appeal*?** ☐ Yes ☒ No

Name of Plaintiff/Appellant's Attorney: Brett Freeman

☐ **Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)**

**SECTION B**

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability *(does not include mass tort)*
- ☐ Slander/Libel/ Defamation
- ☐ Other: _____

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other: _____

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional: _____

**CONTRACT** *(do not include Judgments)*
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other
_____
_____
- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other
_____
_____
- ☐ Other: _____

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other: _____

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other
_____
_____
- ☐ Zoning Board
- ☐ Other: _____
_____

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☒ Other: Truth in Lending

*Updated 1/1/2011*

Monroe County Prothonotary Filed May 12 2026 12:09 PM

| | |
|---|---|
| Glenn Boinske,<br>          Plaintiff | In the Monroe County Court of Common Pleas |
| v. | Docket No. 006641-CV-2025 |
| Bank of America, N.A.,<br>          Defendant. | Civil Action |
| | Jury Trial Demanded |

## COMPLAINT

### I.    INTRODUCTION

1.    This is an action for damages brought by an individual consumer for violations of the Truth in Lending Act, 15 U.S.C. §1601 *et seq.*, the Fair Credit Billing Act, 15 U.S.C. § 1666 *et seq.*, and the corresponding regulations 12 C.F.R. § 1026.12. Plaintiff's credit card was used by an unknown and unauthorized to make a charge in the amount of $1,156.54. Plaintiff promptly and repeatedly notified Defendant of this unauthorized usage, yet Defendant failed to conduct a reasonable investigation, and continued to bill him for the item. Defendant only removed the disputed item after it had been served with the writ of summons commencing this matter.

### II.    JURISDICTION AND VENUE

2.    Jurisdiction of this Court is proper pursuant to 15 U.S.C. § 1640(e), which permits an action under the Act to be brought in any court of competent jurisdiction.

3.    Venue in this Court is proper in that Plaintiff resides here, the conduct complained of occurred here, and Defendant transacts business here.

Doc ID: b42833b8b7c9043b662148a7de05131cbc19e3ef

### III.    PARTIES

4.    Plaintiff is a natural person residing in this county.

5.    Plaintiff is, and at all relevant times was, a "consumer" and a "person" as defined by 15 U.S.C. § 1602.

6.    Defendant, Bank of America, N.A., is a national bank with a place of business located at Bank of America Corporate Center, 100 North Tyron St., Charolotte, NC 28255.

7.    Defendant is, and at all relevant times was, a "creditor" as that term is defined in 15 U.S.C. 1602

### IV.    STATEMENT OF CLAIM

8.    The foregoing paragraphs are incorporated herein by reference.

9.    Congress enacted the Truth in Lending Act and the Fair Credit Billing Act to prevent real harm: "It is the purpose of this subchapter to . . . protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. § 1601(a)

10.    Plaintiff had a credit card with Defendant with an account number ending in 4312 (the "Account").

11.    The Account was an open ended consumer credit plan as that term is defined in 15 U.S.C. § 1602.

12.    Plaintiff was the cardholder of the Account.

13.    In October of 2024, the Account was compromised, and numerous fraudulent charges were made on the Account.

14. Defendant itself identified some of this fraudulent use, and it ultimately canceled the card associated with the Account to stop further fraudulent activity.

15. On or about October 23, 2024, a charge was made on the Account in the amount of $1,156.54, and it was listed on the Account as being made to "SQ *Scanlon Fiber Opti" ("the Disputed Charge").

16. It is believed, and therefore averred, that the charge was made to Scanlon Fiber Optics, LLC.

17. Plaintiff did not make, authorize, or benefit in any manner from the Disputed Charge.

18. The Disputed Charge was made by someone who did not have actual, implied, or apparent authority for such use.

19. The Disputed Charge was "unauthorized use" as that term is used in 12 U.S.C. § 1026.12(b).

20. No later than October 28, 2024 Plaintiff notified Defendant about the unauthorized use.

21. Upon notifying Defendant about the unauthorized use, Plaintiff received a temporary credit for the Disputed Charge.

22. Defendant then began a lengthy-investigation, resulting in multiple contradictory communications to Plaintiff.

23. On January 13, 2025, Plaintiff received a letter from Defendant stating that his account was being credited for the Disputed Charge.

Doc ID: b42833b8b7c9043b662148a7de05131cbc19e3ef

24.    On January 14, 2025 Plaintiff received an email from Defendant stating that the "Claim is complete and credit is permanent."

25.    Defendant's website also reflected that the claim was complete and the credit was permanent on January 14, 2025.

26.    However, also on January 14, 2025 Defendant mailed Plaintiff a letter stating that it was unable to approve of his claim.

27.    Furthermore, the Disputed Charge was added to Plaintiff's January 15, 2025 statement for the Account.

28.    Plaintiff then received a letter dated February 6, 2025, which again stated that Defendant could not approve Plaintiff's claim.

29.    Plaintiff then obtained counsel, who submitted an additional written dispute to Defendant on March 4, 2025.

30.    Defendant received this written communication on or about March 10, 2025.

31.    The March 4, 2025 written dispute constituted a written notice of billing error.

32.    The March 4, 2025 written dispute constituted "Notification to [the] card issuer" under 12 C.F.R. § 1026.12(b)(3).

33.    Defendant never responded to the March 4, 2025 written dispute.

34.    It is believed, and therefore averred, that Defendant never conducted an investigation of the unauthorized usage after receiving this written dispute.

35.     Because there was no response to the March 4, 2025 dispute, Plaintiff's counsel mailed a second written dispute on July 25, 2025.

36.     Defendant received the July 25, 2025 dispute on July 30, 2025.

37.     The July 25, 2025 written dispute constituted a written billing error notice.

38.     The July 25, 2025 written dispute constituted "Notification to [the] card issuer" under 12 C.F.R. § 1026.12(b)(3).

39.     Defendant never responded to the July 25, 2025 written dispute.

40.     It is believed, and therefore averred, that Defendant never conducted an investigation of the unauthorized usage after receiving the July 25, 2025 written dispute.

41.     Plaintiff incurred $400.00 in out-of-pocket legal fees related to the two written disputes.

42.     Plaintiff thereafter commenced this action through a writ of summons on October 15, 2025. [1]

43.     The Truth in Lending Act, the Fair Credit Billing Act, and the corresponding regulations provide that a cardholder is not liable for unauthorized usage.

---

[1]Plaintiff promptly served the writ of summons, and Defendant received the writ of summons on or about November 3, 2025. After receiving the writ of summons, Defendant apparently decided to finally conduct a meaningful investigation of the Disputed Charge, and on December 8, 2025, Defendant finally provided a final credit to Plaintiff regarding the Disputed Charge.

44.     Upon receipt of notification that unauthorized usage occurred, the card issuer is required to conduct a reasonable investigation regarding the unauthorized usage.

45.     Pursuant to the Fair Credit Billing Act and the implementing regulations, upon receipt of the March 4, 2025 and July 25, 2025 notices of billing error, Defendant was required to mail or deliver written acknowledgement within 30-days of receiving the billing error notice.

46.     Pursuant to the Fair Credit Billing Act and the implementing regulations, Defendant was also required to complete its investigation regarding the billing error notice in no more than 90-days after receipt.

47.     It is believed, and therefore averred that, after receiving the March 4, 2025 billing error notice, Defendant did not provide a written acknowledgment to Plaintiff within 30-days.

48.     It is believed, and therefore averred that, Defendant did not conduct a reasonable investigation of the Disputed Charge within 90-days of receiving the March 4, 2025 billing error notice.

49.     It is believed, and therefore averred that, after receiving the July 25, 2025 billing error notice, Defendant did not provide a written acknowledgment to Plaintiff within 30-days.

50.     It is believed, and therefore averred that, Defendant did not conduct a reasonable investigation of the Disputed Charge within 90-days of receiving the July 25, 2025 billing error notice.

51.    It is further believed and therefore averred that Defendant failed to conduct a reasonable investigation into Plaintiff's unauthorized use claim when it first received notice of the Disputed Charge no later than October 28, 2024.

52.    Defendant's conduct violated the Truth in Lending Act, the Fair Credit Billing Act, and the corresponding Regulations.

WHEREFORE, Plaintiff demands judgment against Defendant for actual damages, statutory damages of between $500 and $5,000.00, costs, attorney's fees, and such other and further relief as deemed just and proper.

V.    DEMAND FOR JURY TRIAL

53.    Plaintiff demands a trial by jury as to all issues so triable.

Brett Freeman
Bar Number: PA 308834
Freeman Law
358B Hamlin Highway
Lake Ariel, PA 18436
Attorney for Plaintiff
Phone (570) 589-0010

**CERTIFICATION OF COMPLIANCE**

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Brett Freeman
Bar Number: PA 308834

Doc ID: b42833b8b7c9043b662148a7de05131cbc19e3ef

Freeman Law
358B Hamlin Highway
Lake Ariel, PA 18436
Attorney for Plaintiff
Phone (570) 589-0010

Doc ID: b42833b8b7c9043b662148a7de05131cbc19e3ef

**Verification of Complaint and Certification by Plaintiff**

Plaintiff, Glenn Boinske, being duly sworn according to law, deposes as follows:

1.    I am a plaintiff in this civil proceeding.

2.    I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3.    I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4.    I believe that this civil Complaint is not interposed for any improper purpose, such as to harass the Defendant, cause unnecessary delay to the Defendant, or create a needless increase in the cost of litigation to the Defendant, named in the Complaint.

5.    I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___05 / 11 / 2026___

_____
Glenn Boinske, Plaintiff

Doc ID: b42833b8b7c9043b662148a7de05131cbc19e3ef

 **Dropbox** Sign

Audit trail

| | |
|---|---|
| **Title** | Bank of America Complaint |
| **File name** | Complaint%20%282%29.pdf |
| **Document ID** | b42833b8b7c9043b662148a7de05131cbc19e3ef |
| **Audit trail date format** | MM / DD / YYYY |
| **Status** | ● Signed |

**This document was requested from app.clio.com**

## Document History

| | | |
|---|---|---|
| **SENT** | **05 / 11 / 2026**<br>15:27:07 UTC | Sent for signature to Glenn Boinske (glennboinske@icloud.com) by services@clio.com acting on behalf of shannon@freeman.law<br>IP: 199.192.139.92 |
| **VIEWED** | **05 / 11 / 2026**<br>15:30:27 UTC | Viewed by Glenn Boinske (glennboinske@icloud.com)<br>IP: 50.29.133.12 |
| **SIGNED** | **05 / 11 / 2026**<br>15:44:17 UTC | Signed by Glenn Boinske (glennboinske@icloud.com)<br>IP: 50.29.133.12 |
| **COMPLETED** | **05 / 11 / 2026**<br>15:44:17 UTC | The document has been completed. |

Powered by **Dropbox** Sign

Monroe County Prothonotary Filed May 27, 2026 12:49 PM

**COURT OF COMMON PLEAS OF MONROE COUNTY**
**FORTY-THIRD JUDICIAL DISTRICT**
**COMMONWEALTH OF PENNSYLVANIA**

| | |
|---|---|
| **GLENN BOINSKE,** | :  **NO. 6641 CIVIL 2025** |
| Plaintiff | : |
| | : |
| vs. | : |
| | : |
| **BANK OF AMERICA, N.A.,** | : |
| | : |
| Defendant | :  **RULE TO SHOW CAUSE** |

## O R D E R

AND NOW, this 27th day of May, 2026, **A RULE IS HEREBY ISSUED** upon the **Plaintiff, Glenn Boinske,** to show cause why this case should not be dismissed for failure to prosecute, due to lack of service.

**RULE RETURNABLE** for Answer and **Hearing** on the **5th day of August, 2026, at 2:00 p.m. in Courtroom No. TBD** of the Monroe County Courthouse, Stroudsburg, Pennsylvania.

BY THE COURT:

_____
DAVID J. WILLIAMSON, Judge

cc: Brett Freeman, Esquire

Monroe County PA Prothonotary
MAY 27 '26 PM 12:49

| | |
|---|---|
| Glenn Boinske,<br>          Plaintiff | In the Monroe County Court of<br>Common Pleas |
| v. | Docket No. 006641-CV-2025 |
| Bank of America, N.A.,<br>          Defendant. | Civil Action |
| | Jury Trial Demanded |

## AFFIDAVIT OF SERVICE

1. On October 28, 2025, my office mailed a copy of the writ of summons in this matter to the Defendant via certified mail, return receipt requested.

2. Defendant was served with the writ of summons on or about November 3, 2025. A copy of the signed return receipt card, as well as a printout from the USPS website showing that the document was delivered on November 3, 2025, are attached hereto as Exhibit A.

3. On May 14, 2026, my office mailed a copy of the complaint in this matter to the Defendant via certified mail, return receipt requested.

4. Defendant was served with the complaint on or about May 18, 2026. A copy of the signed return receipt card is attached hereto as Exhibit B.

I verify that the statements in this document are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. § 4904, relating to unsworn falsification to authorities.

Brett Freeman
Bar Number: PA 308834
Freeman Law

358B Hamlin Highway
Lake Ariel, PA 18436
Attorney for Plaintiff
Phone (570) 589-0010

## CERTIFICATION OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

*Brett Freeman*

Brett Freeman
Bar Number: PA 308834
Freeman Law
358B Hamlin Highway
Lake Ariel, PA 18436
Attorney for Plaintiff
Phone (570) 589-0010

## CERTIFICATE OF SERVICE

The foregoing document is today being served on Defendant via United States First Class Mail, postage prepaid, addressed as follows:

Bank of America, N.A.
Bank of America Corporate Center
100 North Tryon Street
Charlotte, NC 28255

Date: 6/2/2026

*Brett Freeman*

Brett Freeman
Bar Number: PA 308834
Freeman Law
358B Hamlin Highway
Lake Ariel, PA 18436
Attorney for Plaintiff
Phone (570) 589-0010

# Exhibit A

# USPS Tracking®

**Remove ✕**

**Tracking Number:**

# 9589071052700903179947

Copy          Add to Informed Delivery

## Latest Update

Your item has been delivered and is available at a PO Box at 11:34 am on November 3, 2025 in CHARLOTTE, NC 28214.

**Get More Out of USPS Tracking:**

USPS Tracking Plus®

● **Delivered**

**Delivered, PO Box**

CHARLOTTE, NC 28214
November 3, 2025 11:34 AM

● **Available for Pickup**

CHARLOTTE, NC 28214
November 1, 2025 1:21 PM

● **Arrived at Post Office**

CHARLOTTE, NC 28228
November 1, 2025 11:28 AM

● **Arrived at USPS Facility**

MID CAROLINA-CHARLOTTE NC DISTRIBUTION CENTER
October 31, 2025 4:47 PM

● **Arrived at USPS Facility**

HARRISBURG PA DISTRIBUTION CENTER
October 29, 2025 6:04 PM

Feedback



**Departed Post Office**

HAMLIN, PA 18427
October 29, 2025 7:52 AM

**USPS in possession of item**

HAMLIN, PA 18427
October 28, 2025 4:35 PM

**Hide Tracking History**

**What Do USPS Tracking Statuses Mean?**

| | |
|---|---|
| **Text & Email Updates** | ⌄ |
| **USPS Tracking Plus®** | ⌄ |
| **Product Information** | ⌄ |

**See Less** ⌃

Track Another Package

Enter tracking or barcode numbers

# Need More Help?

Contact USPS Tracking support for further assistance.

**FAQs**



**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Bank of America, N.A.
Bank of America Corporate Center
100 North Tyron Street
Charlotte, NC 28255

9590 9402 8997 4122 7047 48

2. Article Number *(Transfer from service label)*

9589 0710 5270 0903 1799 47

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X _Larous Little_    ☐ Agent
                     ☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery

_Larous Little_

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ ...ail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053    Domestic Return Receipt



# Exhibit B



